UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **ROBERT GLENN SAXBY et al.,** | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 21-cv-964 (APM) |
| **ALEJANDRO J. MAYORKAS et al.,** | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

On December 22, 2021, the court ordered Plaintiffs to show cause why this case should not be dismissed as moot due to the expiration of the EB-5 Immigrant Investor Regional Center Program. Order, ECF No. 15 (citing *Bromfman v. USCIS*, No. 21-cv-571 (BAH), 2021 WL 5014436, at *4 (D.D.C. Oct. 28, 2021) (dismissing as moot case seeking adjudication of petition filed under the EB-5 program)). Plaintiffs offer three responses to avoid dismissal, but none is convincing.

First, they contend that, notwithstanding the EB-5 program's expiration, USCIS still "has authority to retroactively adjudicate [their] I-485 applications." Pls.' Mem. of P. & A. in Resp. to this Court's December 22, 2021 Order to Show Cause, ECF No. 17-1 [hereinafter Pls.' Mem.], at 6. It is not clear what Plaintiffs mean by "retroactively adjudicate." If they mean the agency still could adjudicate the applications *if* the program is reauthorized, that is surely true. On the other hand, if they mean that the court can *now* compel the agency to adjudicate their applications and grant a visa notwithstanding the program's expiration, that is surely not so. The court cannot compel USCIS to do what Congress has not authorized it to do. *See Bromfman*, 2021 WL 5014436,

at *4 ("The statutory authority for the program on which plaintiff's petition relies to qualify for an EB-5 visa has lapsed; therefore, this Court has no authority to order relief for plaintiff's claim arising from his I-526 petition."). Without the power to grant effectual relief, this matter is rendered moot. *See Porzecanski v. Azar*, 943 F.3d 472, 479 (D.C. Cir. 2019).

That Plaintiffs filed this case before the program lapsed does not change the result. *See* Pls.' Mem. at 8. Once the program expired, the court lost the power to compel the agency to act, regardless of when suit was filed. *See Bromfman*, 2021 WL at 5014436, at *4 ("Courts in this circuit have held in numerous instances that a case is moot because an expiration date has passed."). The court therefore respectfully disagrees with the decision to the contrary in *Nandu v. Renaud*, No. SA CV 21-00643-DOC-KES, 2021 WL 5986917, at *4 (C.D. Cal. Sept. 24, 2021).[1]

Second, Plaintiffs contend that the case is not moot because "Program reauthorization is imminent." Pls.' Mem. at 6. But the court cannot ground its jurisdiction in the mere hope of congressional action. "[T]he mootness doctrine prohibits [courts] from deciding a case if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *J.T. v. District of Columbia*, 983 F.3d 516, 522 (D.C. Cir. 2020) (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc) (internal quotation marks omitted)). Here, for the relief requested—compelling adjudication of their I-485 applications—to be effectual the court would have to speculate that Congress will re-authorize the program. That is not a prediction on which the court can base its jurisdiction.

---

[1] This case is not like those in which the court granted relief to a plaintiff prior to expiration of program eligibility and later exercised its equitable powers to enforce such order. *See, e.g., Gomez v. Trump*, 490 F. Supp. 3d 276, 286 (D.D.C. 2020).

Finally, Plaintiffs urge that the "capable of repetition yet evading review" exception to the mootness doctrine applies. Pls.' Mem. at 8–9. An action "is capable of repetition if there is a reasonable expectation that the same party [will] be subjected to the same action again." *Ralls Corp. v. Comm. on Foreign Invasion in U.S.*, 758 F.3d 296, 323–24 (D.C. Cir. 2014) (internal quotations omitted). Here, Plaintiffs' expectation of recurrence is rooted in the assumption that Congress will renew the EB-5 program. *See* Pls.' Mem. at 9. But, as discussed, the court cannot engage in such speculation to establish its jurisdiction. The exception therefore does not apply.

In the alternative, Plaintiffs seek a 90-day stay of these proceedings "to allow for ample time for reauthorization of the [EB-5 Regional Center] Program." *Id.* at 7. The court is dubious that it has the authority to stay a matter as to which it lacks subject matter jurisdiction. But even if it does, the circumstances of this case do not justify a stay. *See Bromfman*, 2021 WL 5014436, at *3 (rejecting stay request).

For the foregoing reasons, this action is dismissed without prejudice. Defendants' pending Motion to Sever and Transfer Venue or, in the Alternative, to Dismiss, ECF No. 6, is denied as moot. The pending motions for leave to file amicus briefs, ECF Nos. 14, 18, are granted.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated: January 11, 2022

Amit P. Mehta
United States District Court Judge